IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NELSON SANDOVAL HERNANDEZ** | ) | |
| | ) | |
| **v.** | ) | **3-02-CR-396-M** |
| | ) | **(3-06-CV-96-M)** |
| **UNITED STATES OF AMERICA** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a motion for habeas corpus relief filed by a Federal inmate pursuant to 28 U.S.C. § 2255.

**Statement of the Case**: Upon his plea of not guilty to the offense of conspiracy to possess with intent to distribute and to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii)(II) as charged in the indictment returned in the above numbered criminal action Hernandez was tried by a jury at the conclusion of which the jury returned a verdict of guilty. He was thereafter sentenced to a term of 188 months imprisonment followed by a five-year term of supervised release. Hernandez effected a direct appeal and the District Court's judgment was affirmed by the Fifth Circuit in an unpublished opinion on October 15, 2004. See United States v. Nelson Sandoval Hernandez, et al, 111 Fed.Appx. 282 (5th Cir. 2004). Hernandez did not file a petition for writ of certiorari in the United States Supreme Court, but filed his present motion for collateral relief on January 13, 2006.

**Findings and Conclusions**: In his first ground for relief Hernandez argues that he is entitled

to be resentenced based upon the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). His Booker claim fails to state a basis for relief available pursuant to § 2255. In United States v. Gentry, 432 F.3d 600, 605-606 and n. 4 (5th Cir. 2005), the Fifth Circuit joined all other circuits which had addressed the issue of whether a Booker claim could be presented in a § 2255 motion and concluded that Booker claims were not cognizable in a collateral attack on a final conviction.[1]

Movant's second ground is predicated upon his claim that a Booker claim is cognizable in a § 2255 motion. For the reasons stated above his claim that he is entitled to be resentenced is without merit which forecloses any relief on his second ground as well.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the motion be denied and dismissed.

A copy of this recommendation shall be transmitted to counsel for Movant and counsel for the government.

SIGNED this 15th day of August, 2006.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge

---

[1] See also United States v. Morris, 429 F.3d 65, 67 and n. 2 (4t Cir. 2005).

of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.