IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-02-CR-396-M(05) |
| NELSON SANDOVAL-HERNANDEZ | § | |
| | § | |
| Defendant. | § | |

**AMENDED AND CORRECTED FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Nelson Sandoval-Hernandez, appearing *pro se*, has filed a motion for return of seized property. The government moves to dismiss the motion for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons stated herein, the government's motion should be granted and defendant's motion should be dismissed for lack of subject matter jurisdiction.

I.

On November 23, 2002, defendant was arrested on federal drug charges. (Gov't App., Exh. 15). At the time of his arrest, DEA agents confiscated a wallet from defendant containing $1,010.00 in United States currency. (*Id.*).[1] Defendant was subsequently convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine and sentenced to 188 months confinement. While the criminal case was pending, the government instituted administrative forfeiture proceedings against the money seized from defendant. Notice of the seizure was sent to

---

[1] Defendant alleges that DEA agents seized $1,800.00 in United States currency from his wallet, (*see* Def. Resp., Hernandez Aff. at 1, ¶ 4), while the government contends that it confiscated $1,010.00. (*See* Gov't. App., Hieronymus Decl. at 2, ¶ 4(a) & Exh. 15). The court need not resolve this discrepancy as it lacks jurisdiction to entertain defendant's motion in any event.

defendant at his home address and at the Seagoville Detention Center, as well as to his attorney. (*Id.*, Hieronymus Decl. at 2-3, ¶¶ 4(b), (c), (d) & Exhs. 1-6). The government also published the notice in the *Wall Street Journal*, a newspaper of general circulation, once a week for three consecutive weeks. (*Id.*, Hieronymus Decl. at 4, ¶ 4(h) & Exh. 13). Neither defendant nor anyone else filed a claim to the property. (*Id.*, Hieronymus Decl. at 5, ¶ 4(i)). On April 10, 2003, after the time limit for filing a claim expired, the government forfeited the $1,010.00 to the United States Treasury. (*Id.* & Exh. 14).

On November 1, 2006, more than two years after the forfeiture proceeding concluded, defendant filed a motion for return of property pursuant to Fed. R. Crim. P. 41(g).[2] As grounds for his motion, defendant alleges that "the seized currency is from [a] legitimate source and that he was in lawful possession of such property that entitles him to possess [sic]." (Def. Mot. at 2). The government counters that this court lacks jurisdiction to consider defendant's motion because the property was forfeited in an administrative proceeding, defendant was duly notified of the forfeiture, and all procedural and constitutional requirements have been met. This jurisdictional issue has been fully briefed by the parties and the government's motion to dismiss is ripe for determination.

---

[2] Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).

II.

Federal law authorizes the civil forfeiture of funds which are the proceeds of drug transactions. *See* 21 U.S.C. § 881(a)(6). The government must begin forfeiture proceedings within five years after it learns of the alleged offense. *See* 19 U.S.C. § 1621. If the seized property is valued at $500,000 or less or, as in this case, is a "monetary instrument," the DEA can resort to the administrative forfeiture remedies identified in the customs laws. *See id.* § 1607(a). That procedure, conducted wholly outside the judicial system, requires the DEA to publish notice of the administrative forfeiture and send notice to "each party who appears to have an interest in the seized article." *Id.*; *see also Kadonsky v. United States*, 216 F.3d 499, 502-03 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1151 (2001); *Barrera-Montenegro v. United States and Drug Enforcement Admin.*, 74 F.3d 657, 660 (5th Cir. 1996).

An interested party who receives the required notice of forfeiture has 20 days to file a claim to the property. *See* 19 U.S.C. § 1608. If no such claim is filed, the property is summarily forfeited to the government. *Id.* § 1609; *see also Kadonsky*, 216 F.3d at 503. Once an administrative forfeiture proceeding is completed, a district court lacks jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process. *See United States v. Schinnell*, 80 F.3d 1064, 1069 (5th Cir. 1996) (citing cases).

A.

The government contends that this court lacks jurisdiction to consider defendant's Rule 41(g) motion because defendant was duly notified of the seizure of his property and the administrative forfeiture proceeding has been concluded. In response to this argument, defendant denies receiving actual notice of the forfeiture action.

-3-

1.

In *Dusenbery v. United States*, 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002), the

Supreme Court specifically considered what the government must do to notify an incarcerated

person about an administrative forfeiture proceeding.  The Court held that due process does not

require proof of actual notice to the prisoner--only that the notice be "reasonably calculated, under

all the circumstances, to apprise interested parties of the pendency of the action."  *Id.*, 122 S.Ct. at

700, *quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657,

94 L.Ed. 865 (1950).  Courts have not settled on a single view of whether notice, properly addressed

to the prisoner and sent by certified mail to the facility where he is incarcerated, satisfies the

*Dusenbery* test.  One view, expressed by the Seventh Circuit in *Chairez v. United States*, 355 F.3d

1099 (7th Cir.), *cert. denied*, 125 S.Ct. 37 (2004), is that the delivery of such notice to the prison

discharges the government's statutory obligation to provide notice of an administrative forfeiture

proceeding.  According to the *Chairez* court:

> [W]e do not read *Dusenbery* to require federal agencies seeking
> administrative forfeiture--or courts, if the forfeiture is later
> challenged--to inquire into the details of internal mail delivery
> systems of jails and prisons.  Such a requirement would be
> burdensome and impractical given that every facility handles mail
> differently.  Also, especially in the case of state and local facilities,
> the added burden would not carry any benefits because it is unlikely
> that federal agents could affect the way individual facilities handle
> their mail.  Beyond certified delivery to the jail or prison, short of
> actual notice there is no standard that could universally apply to
> institutions that vary in size, population, administration, and staff
> supervision.  Because *Dusenbery* does not require actual notice via
> acknowledged receipt by the prisoner, the certified delivery and
> acceptance of the notice of forfeiture by authorized jail personnel
> reasonably apprised Chairez of the pendency of the forfeiture action.

*Id.* at 1101.  *Accord United States v. Williams*, 130 Fed.Appx. 301, 302, 2005 WL 1004096 at *1

(11th Cir. Apr. 29, 2005) (holding that mail addressed to prisoner at facility where he is incarcerated

is presumptively sufficient to apprise him of pendency of forfeiture action); *United States v. 5145

N. Golden State Blvd.*, 135 F.3d 1312, 1315 (9th Cir. 1998) (same); *United States v. Real Property,

Tree Top*, No. 96-3757, 1997 WL 702771 at *2 (6th Cir. Oct. 31, 1997), *cert. denied*, 119 S.Ct. 155

(1998) (same); *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996) (same).

A different view was expressed by the Third Circuit in *United States v. One Toshiba Color

Television*, 213 F.3d 147 (3d Cir. 2000).  In that pre-*Dusenbery* case, the court held that the

government bears the burden of demonstrating that the prison employs mail distribution procedures

that are reasonably calculated to ensure that notice will be received.  *Id.* at 155.  However, a

dissenting judge questioned the wisdom of deviating from the well-settled rule that service by mail

is constitutionally adequate if sent to the addressee's current address:

> Why is it that mail sent to, say, an inexpensive long-term-occupancy
> hotel is reasonably calculated under all the circumstances to apprise
> an interested party of the pendency of a forfeiture action but mail sent
> to a jail or prison may not be?  The answer must be that there is a
> significantly higher probability that mail sent to such hotels will
> reach the addressees than is the case with mail sent to a jail or prison.
> But where is the evidence that this is so?  The majority studiously
> avoids this point--for the very good reason that no evidence
> whatsoever to this effect has been adduced, by [the prisoner], the
> majority in this case, or any other judicial opinion of which I am
> aware.  Such systemic problems may or may not exist; I don't know;
> and I doubt that my colleagues do either.  But without such evidence,
> there is no logical basis for the majority's decision.

*Id.* at 159-60 (Alito, J., dissenting in part).  Only one other circuit, the Fourth Circuit, requires the

government to provide evidence, in the first instance, that prison mail delivery procedures are

reasonably calculated to ensure that notice will reach the inmate.  *United States v. Hooker*, 93

Fed.Appx. 567, 568, 2004 WL 728339 at *1 (4th Cir. Apr. 6, 2004), *citing United States v. Minor*, 228 F.3d 352, 358 (4th Cir. 2000).

The Eighth Circuit, in *Nunley v. Dep't of Justice*, 425 F.3d 1132 (8th Cir. 2006), took a middle-ground approach to the issue of whether notice mailed to a prisoner at the facility where he is incarcerated satisfies due process. In *Nunley*, the court held that "there is no irrebuttable presumption that a prison's internal mail-distribution procedures are reasonably calculated to provide notice, but that the prisoner, as the plaintiff, has the burden to demonstrate that the procedures are inadequate." *Id.* at 1137. The *Nunley* court criticized *Chairez* for "underemphasiz[ing] the likelihood that a second distribution system affects the delivery of mail to prisoners, overemphasiz[ing] the difficulty of assessing such systems, and miscontru[ing] *Dusenbery*." *Id.* With respect to the holding in *One Toshiba Color Television*, the *Nunley* court disagreed that the government should have the burden of proving that a prison's mail distribution procedures satisfy the due process clause. Instead:

> Time-worn rules require the conclusion that a prisoner who files a suit claiming that he or she has received inadequate notice has the burden of proving that the prison's procedures fall short of the minimum required by the Constitution. We see no reason to deviate from this norm here. Courts, to be fair (and to avoid deterring too many meritorious suits), will sometimes shift the burden of proof if a fact or group of facts is difficult for the plaintiff to ascertain, and relatively easy for the defendant to procure. But we do not think that it is difficult for a prisoner to adduce facts about the mail distribution procedures used in a jail: he or she probably lives there and such facts are not likely to be closely guarded penological secrets.

*Id.* at 1138 (internal citations omitted). *Accord Whiting v. United States*, 231 F.3d 70, 76 (1st Cir. 2000) (absent proof that mail delivery system is unreliable, due process is satisfied by sending certified letter to facility where prisoner is incarcerated).

2.

Absent controlling Fifth Circuit authority,[3] this court is persuaded by the middle-ground approach taken by the Eighth Circuit in *Nunley*. In so holding, the court rejects defendant's argument that the government is required to show that he received actual notice of the administrative forfeiture proceeding. If defendant wants to challenge the constitutional sufficiency of the method used by the government to notify him of the forfeiture action, he must plead and prove facts showing that the prison mail distribution procedures were not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Dusenbery*, 122 S.Ct. at 700. No such allegation, much less proof, exists here. To the contrary, the evidence shows that the government sent notice of the forfeiture by certified mail, return receipt requested, to defendant at the Seagoville Detention Center. (Gov't App., Exh. 4). The certified mail green card, containing defendant's name and prison identification number, was signed by "S. Sexton" on January 23, 2003. (*Id.*). Defendant offers nothing to controvert this evidence, other than his self-serving declaration denying actual notice of the forfeiture proceeding. Nor does he articulate how the mail distribution procedures at Seagoville are inadequate. Thus, defendant has failed to meet his burden of proving that the method of notice employed by the government in this case violates due process.[4]

---

[3] This court has found only one post-*Dusenbery* Fifth Circuit case addressing the issue of constitutionally adequate notice in an administrative forfeiture proceeding. In *United States v. Gavin*, 153 Fed.Appx. 251, 2005 WL 2503846 (5th Cir. Oct. 11, 2005), the government attempted to show that it notified the prisoner of the forfeiture of his property by alleging that notice was sent "to all known parties, by certified mail, who have [had] a legal or possessory interest in the property." *Id.*, 2005 WL 2503846 at *1. The court held that this conclusory assertion, unsupported by any evidence, was insufficient to support summary judgment in favor of the government. *Id.*

[4] The court recognizes that the *Nunley* court reversed a summary judgment in favor of the government on the issue of inadequate notice. *Nunley*, 425 F.3d at 1139. However, that holding was due to the procedural posture of the case. Because *Nunley* involved a summary judgment, it was the government's burden, as movant, to point to the absence of evidence to support the prisoner's claim that the mail distribution procedures at the jail were not reasonably calculated to ensure notice to inmates. By contrast, this case is before the court on a motion to dismiss for lack of subject matter jurisdiction. The government has no burden to address the sufficiency of prison mail distribution procedures, particularly since defendant does not allege that those procedures are constitutionally inadequate.

B.

Even if defendant was able to show that the prison mail distribution procedures were constitutionally inadequate, notice of the administrative forfeiture proceeding also was sent to Frank Perez, the attorney who represented defendant in the underlying criminal case. (Gov't App., Exh. 6). The government afforded defendant due process by sending the forfeiture notice to him in care of his attorney. *Nunley*, 425 F.3d at 1139; *see also United States v. Robinson*, 78 F.3d 172, 175 n.1 (5th Cir. 1996) (suggesting that due process may be satisfied by sending notice to attorney); *Arredondo v. United States*, No. 3-03-CV-2356-H, 2004 WL 1171203 at *3 (N.D. Tex. May 25, 2004) (holding that notice of administrative forfeiture sent to counsel for defendant satisfied the requirements of due process).

## **RECOMMENDATION**

The government's motion to dismiss [Doc. #382] should be granted. Defendant's motion for return of seized property [Doc. #376] should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   February 12, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE